**Jerry Duane HAMMON, Petitioner—Appellant,**

v.

**Anthony C. NEWLAND, Warden, Respondent—Appellee.**

No. 01–16518.

D.C. No. CV–98–01792–WBS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided Oct. 11, 2002.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Before SCHROEDER, Chief Judge,
D.W. NELSON, and REINHARDT,
Circuit Judges.

### MEMORANDUM *

Jerry Duane Hammon appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The facts are set forth fully in the California Supreme Court Opinion. *People v. Hammon*, 15 Cal.4th 1117, 65 Cal. Rptr.2d 1, 938 P.2d 986 (1997). Because the parties are familiar with them, we do not repeat them here.

We review a district court's denial of a petition for writ of habeas corpus *de novo.* *LaJoie v. Thompson*, 217 F.3d 663, 667 (9th Cir.2000).[1] We may grant a petition for writ of habeas corpus if the state court's adjudication of a claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). A state court unreasonably applies clearly established federal law when it correctly identifies the governing Supreme Court rule, but unreasonably applies it to the facts of a particular case. *Williams v. Taylor*, 529 U.S. 362, 407, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

On appeal, Hammon argued principally that the trial judge erred when he failed to conduct an *in camera* review of the complaining witness' complete Child Protective Services (CPS) file. This claim is clearly

contrary to the facts in the record. At a pretrial hearing, the trial judge stated:

> I will note for the record that I did review all of the files that were in Child Protective Services. Hopefully I reviewed them well. Some of them get a little confusing. And I was particularly struck by how many repetitive documents there were in those files.... Frankly there was not a whole lot in those files about this particular incident."

Tr. R. at 77–78. The record reflects, unequivocally, that the trial judge reviewed the complete CPS file. Hammon cannot prevail on this claim.

In the district court, Hammon argued principally that the trial judge erred when he failed to conduct an *in camera* review of third-party medical reports from psychotherapists to whom the complaining witness was referred by CPS. The state of the record is not clear enough for us to determine whether the trial judge committed a constitutional error by denying the request for an *in camera* review of these records. However, whether or not a violation occurred, we conclude that the California Supreme Court's decision, in which it considered the effect of *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) upon Hammon's claim, does not constitute an unreasonable application of clearly established Supreme Court law. Accordingly, we must deny the petition.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because Hammon's petition was filed after April 24, 1996, the amendments to 28 U.S.C. § 2254 under the Anti–Terrorism and Effective Death Penalty Act ("AEDPA") apply. *Van Tran v. Lindsey*, 212 F.3d 1143, 1148 (9th Cir.2000).